Case 1:18-cv-09230-ALC Document 49 Filed 11/04/19 Page 1 of 9

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 11/4/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIERAN McQUAID, on behalf of himself, individually, and on behalf of all others similarly-situated,

Plaintiff,

-against-

CAPITAL STACK, LLC, and ePRODIGY ACH, LLC, and ePRODIGY OPERATIONS, LLC, and DAVID RUBIN, individually, and BRIAN STULAMN, individually,

Defendants.

**Docket No.: 1:18-cv-9230-ALC**

## ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF THE SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS, APPOINTMENT OF NAMED PLAINTIFF AND OPT-IN PLAINTIFF ORLANDO HERNANDEZ AS CLASS REPRESENTATIVES, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PROPOSED NOTICE OF SETTLEMENT AND CLASS ACTION SETTLEMENT PROCEDURE

This matter comes before the Court on the Named Plaintiff Kieran McQuaid's Motion for Preliminary Approval of the Settlement, Certification of Settlement Class, Appointment of Named Plaintiff and Opt-in Plaintiff Orlando Hernandez as Class Representatives, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Proposed Notice of Settlement and Class Action Settlement Procedure ("Motion"), which was filed with the Court on October 4, 2019. The terms of the proposed settlement are set forth in the Motion and supporting documents. Having reviewed the Motion, and all documents and exhibits submitted therewith, this Court GRANTS preliminary approval of the settlement pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b). Accordingly, it is hereby ORDERED that:

1

(1) upon preliminary review, the settlement reached by the parties, as set forth in the Motion and Settlement Agreement and Release ("Settlement Agreement"), including the allocation formula, attorneys' fees, and other terms contained therein, appears to be fair and reasonable to all involved, suffers from no obvious defects, was reached after arms-length negotiations between the parties, and constitutes a reasonable compromise of the claims and defenses in this matter;

(2) the Parties are directed to perform according to the terms set forth in the Settlement Agreement;

(3) the Court hereby certifies, for settlement purposes only, the settlement classes, defined as:

    a. under 29 U.S.C. § 216(b), all individuals who worked as salespersons for Defendants including but not limited to any Salesperson or any other relationship any individual covered by this Settlement had with Defendants, as defined in the Complaint, including but not limited to sales associates, manager of sales, ISO managers, and collections manager employees or workers, during the period from October 4, 2016 through the date of the Preliminary Approval Order, and who submit a Claims Form and Release to thereby opt-in to this action ("Federal Class"); and

    b. under Fed. R. Civ. P. 23(a) and (b)(3), all individuals who worked as Salespersons for Defendants, including but not limited to any Salesperson or any other relationship any individual covered by this Settlement had with Defendants, as defined in the Complaint,

    including but not limited to sales associates, manager of sales, ISO managers, and collections manager employees or workers, in any location in New York, from October 9, 2012 to October 9, 2018 ("New York Class").

(4) pursuant to the Motion and attachments thereto, upon preliminary review, the Court finds that:

 a. the Class is so numerous that joinder of all members is impracticable, therefore satisfying the requirements of Rule 23(a)(1);

 b. there are questions of law or fact common to the Class, therefore satisfying the requirements of Rule 23(a)(2);

 c. the claims of the Named Plaintiff McQuaid and Opt-in Plaintiff Orlando Hernandez ("Plaintiffs") are typical for settlement purposes of the claims of the Class Members, satisfying the requirements of Rule 23(a)(3);

 d. the Plaintiffs, as the representative parties, will fairly and adequately protect the interests of each Class Member, therefore satisfying the requirements of Rule 23(a)(4);

 e. Kieran McQuaid and Orlando Hernandez are hereby appointed as Class Representatives;

 f. Borrelli & Associates, P.L.L.C. is appointed as Class Counsel;

 g. questions of law and fact common to the members of the Class, considered in the context of and in light of settlement, predominate over questions affecting only individual members, and a class action is superior to other methods available for the fair and efficient settlement of the controversy,

satisfying the requirements of Rule 23(b)(3); and

h.   certification of the Federal Class for purposes of Section 216(b) is appropriate for settlement purposes only.[1]

(5) the certification of this settlement is contingent on and for purposes of settlement only. If this settlement does not become final for any reason, Plaintiffs, all opt-in Plaintiffs who have joined the case to date, and Defendants shall be restored to their respective positions as if no settlement had been reached. Moreover, if this settlement does not become final for any reason, Defendants shall not have waived any objections they may have or may have asserted to the certification of any class or collective under Rule 23 or Section 216(b);

(6) the Parties' proposed Notice of Pendency of Class Action Settlement ("Notice"), attached as Exhibit B to the Declaration of Michael R. Minkoff ("Minkoff Declaration"), and the Claims Form, attached as Exhibit C to the Minkoff Declaration, are hereby approved, are found to be a reasonable means of providing notice under the circumstances, and when completed, shall constitute due and sufficient notice of the settlement to all persons affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law;

(7) Class Counsel has designated, and the Court appoints, Arden Claims Service, LLC ("Arden" or "Claims Administrator"), to be responsible for communicating with Class Members, disseminating the Notice and Claims Forms, accepting and maintaining documents sent by Class Members, including Claims Forms, Opt-out

---

[1] Because the requirements of Rule 23 have been satisfied for the New York Class, the more lenient requirements of Rule 216(b) are met for the Federal Class.

4

statements, objections, and other documents relating to claims administration, and administering claims for allocation, according to the formula set forth in the Settlement Agreement and its attachments;

(8) by no later than **December 4, 2019,** Defendants are to furnish Arden, in electronic form, with a list of all Class Members, identified by: (i) name; (ii) last known address; (iii) Social Security or Tax Identification Numbers (if available to Defendants); and (iv) dates of employment. The list that Defendants will provide to Arden shall be confidential. The list is to be used by Arden to effectuate settlement, and may not be disseminated or used for any other purpose.

(9) the Parties are directed to require Arden to send the Notice and Claims Form referenced in (6) above to putative class members by **December 18, 2019**;

(10) the Parties, upon mutual agreement, may make minor, non-substantive revisions to the Notice and Claims Form following the issuance of this Order as they deem appropriate and necessary and to also insert deadlines and dates consistent with this Order without necessity for further Court intervention;

(11) Claims Forms filed by Settlement Class Members must be postmarked or received on or before **February 16, 2020,** and sent to the Administrator at Arden Claims Services, LLC, Re: Capital Stack Lawsuit, P.O. Box 1015, Port Washington, New York 11050, or to any other address that Arden chooses in the United States and as printed on the Notice to the Class;

(12) as described in the Notice, any Class Member may opt out of the Class by mailing via First Class United States Mail, postage prepaid, a written, signed statement to the Administrator at Arden Claims Services, LLC, Re: Capital Stack Lawsuit, P.O. Box 1015, Port Washington, New York 11050, or to any other address that Arden chooses in the United States, and as printed on the Notice to the Class, that states that he or she is opting out of the settlement, and that includes his or her name, address, and telephone number, and a statement indicating his or her intention to opt-out, such as: "I opt out of the McQuaid wage and hour settlement," postmarked or received on or before **February 16, 2020**. Persons that request exclusion shall not be entitled to share the benefits of the Settlement, nor be bound by any judgment in connection with this litigation, whether favorable or adverse;

(13) any Class Member who does not properly and timely mail a Claims Form or letter requesting to be excluded as set forth above shall be included in the Class, and shall be bound by all of the terms and provisions of the Settlement Agreement, including the release of claims against Defendants by members of the Class contained in the Agreement, whether or not such Class Member has objected to the Settlement Agreement and whether or not such Class Member participates in the Settlement by timely submitting a valid Claims Form or by cashing his/her settlement check;

(14) any Class Member who submits a timely and valid Claims Form as set forth above shall be included in the Class and the Collective, and shall be bound by all of the terms and provisions of the Settlement Agreement, including the release of claims against Defendants by members of the Class and Collective as contained in the

Agreement, whether or not such Class Member has objected to the Settlement Agreement and whether or not such Class Member cashes his/her check;

(15) Class Counsel shall file their Motion for Judgment and Final Approval on or before **March 17, 2020**;

(16) the Court will hold a Fairness Hearing on the above-referenced settlement on **April 17, 2020 at 11:00 a.m.**, in Courtroom 1306 at the United States District Court, Southern District of New York, 40 Foley Square, New York, New York 10007;

(17) any Class Member who has not filed an Opt-out Statement may appear at the Fairness Hearing in person or by counsel and may be heard, either in support of or in opposition of the fairness, reasonableness, and adequacy of the Settlement Agreement, the allocation formula, or Class Counsel's request for attorneys' fees, costs, and service awards, provided that such person, individually or through counsel, mails written objections to the Claims Administrator, through first class mail, postmarked or received by the Claims Administrator no later than **February 16, 2020**, to the Administrator at Arden Claims Services, LLC, Re: Capital Stack Lawsuit, P.O. Box 1015, Port Washington, New York 11050, or to any other address that Arden chooses in the United States and as printed on the Notice to the Class.

(18) The Administrator will stamp the date received on the original and send copies of each objection, with supporting documents, to Plaintiffs' Counsel and Defendants' Counsel by email to be delivered no later than **February 19, 2020**. Any individual who wishes to appear at the hearing and be heard must affirmatively state so in his/her objection. Any individual who wishes to appear at the hearing and be heard through counsel must also affirmatively state so in his/her objection, and must have his/her counsel file a notice of appearance no later than **April 3, 2020**;

(19) any Class Member who does not make his/her objection in the manner and by the time provided herein shall be deemed to have waived such objection and shall be forever foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Settlement Agreement or to the award of attorneys' fees or expenses to Class Counsel or service awards to any Plaintiff or Opt-in Plaintiff, unless otherwise ordered by the Court.

(20) the date and time of the Fairness Hearing shall be set forth in the Notice but shall be subject to change by the Court without further notice to the members of the Settlement Class other than that which may be posted at the Court or on the Court's website or docket. The Court may approve the Settlement Agreement, if appropriate, without further notice to the Class;

(21) all reasonable expenses incurred in identifying and notifying members of the Settlement Class, as well as administering the Settlement Fund, shall be paid as set forth in the Settlement Agreement;

(22) in the event the Settlement is terminated in accordance with the provisions of the Settlement Agreement, the Settlement and all proceedings had in connection therewith shall be null and void, except to the extent such nullification and voidance would be contrary to the Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs, any opt-in Plaintiffs, Defendants, and the putative members of the Class and Collective. In the event that either party terminates the Settlement Agreement in accordance with the terms in the Settlement Agreement, the terminating party shall be solely responsible for paying the Administrator's fees incurred to the extent required by the Settlement Agreement;

(23) in accordance with the Settlement Agreement, neither the agreement itself, nor any of the negotiations, statements, and proceedings in connection therewith, shall be construed or deemed to be evidence of an admission or concession on the part of Plaintiffs, Defendants, any of the Releasees, any member of the Settlement Class, or any other person of the truth of any of the allegations in the Litigation and/or of any liability, fault, or wrongdoing of any kind, or that class or conditional certification were/are appropriate under Rule 23 and Section 216(b) in this proceeding or in any other proceeding or forum. In fact, Defendants continue to deny any liability whatsoever and maintain that the claims of Plaintiff, the Collective, and the Class are wholly without merit.

**SO ORDERED** THIS ____4th____ day of __November__, 2019.

_/s/ Andrew L. Carter_

THE HONORABLE ANDREW L. CARTER, Jr.,
United States District Judge