USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 8/7/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIERAN McQUAID, on behalf of himself, individually, and on behalf of all others similarly-situated,

                Plaintiff,

   -against-

CAPITAL STACK, LLC, and ePRODIGY ACH, LLC, and ePRODIGY OPERATIONS, LLC, and DAVID RUBIN, individually, and BRIAN STULMAN, individually,

                Defendants.

Docket No.: 1:18-cv-9230-ALC

**ORDER GRANTING CONSENT MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, SERVICE AWARDS, AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND THE ENTRY OF FINAL JUDGMENT**

        This matter having come before the Court, on consent of all parties, for a fairness hearing on July 24, 2020, pursuant to the Court's Order granting Plaintiffs' Motion for Preliminary Approval of the Settlement, Certification of Settlement Class, Appointment of Named Plaintiff McQuaid and Opt-in Plaintiff Orlando Hernandez as Class Representatives, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Proposed Notice of Settlement and Class Action Settlement Procedure ("Preliminary Approval Motion") (Dkt. No. 49). Upon due and adequate notice having been given to the Class Members as defined below, as required by the Preliminary Approval Order and as further required pursuant to this Court's April 3, 2020 Order (Dkt. No. 53), and the Court having considered all papers filed and proceedings had herein to determine the fairness of and final approval of the parties' settlement on behalf of the Named Plaintiff and Opt-in Plaintiffs (together as "FLSA Plaintiffs") and the Rule 23 New York class action Plaintiffs ("Rule 23 Plaintiffs," and together with the FLSA Plaintiffs as "Class Members")

1

(hereinafter referred to as the "Settlement"), and otherwise being fully informed and for good cause shown, the Court finds that the Settlement reached by the parties is fair, reasonable, adequate, and in the best interests of the FLSA Plaintiffs and the Rule 23 Plaintiffs as defined in the Court's Preliminary Approval Order, and satisfies all requirements of Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23(a) and (b)(3), as well as Section 216(b) of the Fair Labor Standards Act ("FLSA").

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Order GRANTING the Consent Motion for Final Approval of Class and Collective Action Settlement, Service Awards, an Award of Attorneys' Fees and Expenses, and the Entry of Final Judgment, incorporates by reference the definitions in the Settlement Agreement and all exhibits, addendums, stipulations, and schedules thereto.

2. This Court has subject matter jurisdiction over this litigation and all members of the Federal and New York classes.

3. After consideration of the evidence, the Court finds that the mailing and distribution of the Notice of Class Action Settlement ("Notice") constituted the best notice practicable under the circumstances, and that such Notice, including individual notice to Class Members whose mailing addresses and other contact information were identified through reasonable effort, constituted valid, due, and sufficient notice to all persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

4. On behalf of the FLSA Plaintiffs and Rule 23 Plaintiffs, this Court hereby approves the Settlement, finds that it is, in all respects, fair, reasonable, adequate, and in the best interest of Class Members, and with respect to the Rule 23 Plaintiffs satisfies the requirements of Fed. R. Civ.

P. 23(a) and (b)(3) and *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), and with respect to the FLSA Plaintiffs satisfies *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and those factors identified in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). The Court directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Preliminary Approval Order and Orders all Parties to take the necessary steps to effectuate Settlement.

5. The Court has previously certified, and now grants final certification to the following two Settlement Classes:

   a. under 29 U.S.C. § 216(b), all individuals who worked as salespersons for Defendants including but not limited to any Salesperson or any other relationship any individual covered by this Settlement had with Defendants, as defined in the Complaint, including but not limited to sales associates, manager of sales, ISO managers, collections manager employees or workers, and underwriters, during the period from October 4, 2016 through the date of the Preliminary Approval Order, and who submit a Claims Form and Release to thereby opt-in to this action ("Federal Class"); and

   b. under Fed. R. Civ. P. 23(a) and (b)(3), all individuals who worked as Salespersons for Defendants, including but not limited to any Salesperson or any other relationship any individual covered by this Settlement had with Defendants, as defined in the Complaint, including but not limited to sales associates, manager of sales, ISO managers, collections manager employees or workers, and underwriters, in any location in New York, from October 9, 2012 to October 9, 2018 ("New York Class").

6. The Court hereby makes the following findings of fact:

   (a) Class Counsel has vigorously prosecuted this case and conducted extensive investigation of the governing law, relevant facts, and relevant documents. During the prosecution of the litigation, Class Counsel and Defendants' counsel undertook meaningful and sufficient investigation and the parties exchanged sufficient and adequate discovery to fully and fairly evaluate the

3

claims and defenses asserted by the parties, and to make an informed decision about the Settlement.

(b) The distribution of the Settlement is fair, reasonable, and equitable.

(c) The Settlement provides for a Settlement Fund of $450,000.00, of which $315,832.25 is available to satisfy the claims of the Settlement Class Members. Out of eighty-three people mailed notices, one Class Member - - Richard C. Amos - - opted out and zero Class Members objected. Class Members were required to submit claim forms, and a total of twenty-seven individuals did so, meaning that each of those twenty-seven Class Members will be mailed a check for his/her individual settlement amount, calculated based on the number of weeks that he or she worked between October 9, 2012 to October 9, 2018. Recovery for each Class Member will be based on the following formula:

$$\$450,000.00 - [\text{Fees, Costs, and Service Awards}] \times \frac{\textit{Individual Class Member's Total Weeks Worked}}{\textit{Class Members' Combined Total Weeks Worked}} = \textit{Individual Settlement Amount}$$

(d) The Settlement provides for a service award to the Named Plaintiff McQuaid and opt-in Plaintiff Hernandez in the amount of $2,500.00 each, as well as awards for the remaining five opt-in Plaintiffs - - Aileen Cordero, Lauren Filippazzo, Bradley Hackett, Jose Jimenez, and Robert Knuckles - - of $1,000.00 each, for a total combined amount of $10,000.00.

(e) The Settlement also provides for a payment of $112,500.00, or the equivalent of 25% of the total Settlement Fund as attorneys' fees, plus $1,667.75 for Class Counsel's out-of-pocket expenses, totaling $114,167.75, to be paid to Class Counsel.

    (f) Class Administrator fees are to be paid to Arden Claims Service, LLC ("Arden") in the amount of $10,000.00.

    (g) Given the disputed issues of fact and law and the risks to the Class Members, and the further delay that would be caused by continued litigation, including potential trial, and the subsequent appeal of any judgment after trial, the Settlement is fair, reasonable, and in the best interests of the Class Members.

    (h) Considering the factual and legal issues in dispute, anticipated motion practice, the possibility of trials and appeals, and the expected duration of litigation, the terms and amount offered in the Settlement are favorable.

    (i) All counsel represented the interests of their clients vigorously and devoted a considerable amount of time, effort, and resources to secure the terms of the Settlement, including the plan of allocation and distribution to ensure a fair, adequate, and equitable distribution.

7. Based on those findings of fact, the Court hereby ORDERS as follows:

    (a) The terms and provisions of the Settlement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, and in full compliance with all applicable due process requirements.  The Parties are hereby directed to comply with the terms of the Settlement and this Order and Final Judgment. Arden is hereby directed to distribute payments to the twenty-seven Class Members who submitted claim forms in accordance with the terms of the Settlement.

(b) The Settlement is hereby approved as fair and reasonable. The allocation and distribution as set forth in the Settlement are final.

(c) Neither the Settlement, nor any of its provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission by any party of the truth of any allegations in this action, or of any liability, fault, or wrongdoing of any kind.

(d) The Named Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs, shall be bound by all of the terms, obligations, and conditions of the Settlement, including but not limited to the release of claims set forth therein, and all determinations and judgments in this action concerning the Settlement.

(e) All Class Members, including the Named Plaintiff, Opt-in Plaintiffs, but excluding the individual who opted-out of the settlement - - Richard C. Amos - - hereby release Defendants from New York Labor Law wage and hour claims that were asserted or could have been asserted in this lawsuit.

(f) All Class Members who submitted claim forms also hereby release Defendants from FLSA wage and hour claims that were asserted or could have been asserted in this lawsuit.

(g) The Named Plaintiff and Opt-in Plaintiffs hereby additionally release Defendants from any and all claims arising from their employment with Defendants in exchange for their service awards;

(h) Having reviewed the appropriate case law, the request for Service Awards is granted. Arden is hereby ordered to pay Named Plaintiff and Opt-in Plaintiffs in the amount totaling $10,000.00, apportioned from the

       Settlement Funds as explained in the Notices, and in the amounts set forth therein and above.

(i)  Having reviewed the appropriate case law and Class Counsel's billing records and having conducted a cross-check with Class Counsel's lodestar calculation, and with no objection from Defendants or any Class Member, the Court finds that Class Counsel's application for attorneys' fees in the amount of $112,500.00, apportioned from the Settlement Funds as explained in the Notices, is fair and reasonable and is granted. Having reviewed Class Counsel's request for reimbursement of out-of-pocket expenses and accounting of all expenses, and with no objection by Defendants or any Class Member, Class Counsel's request for expenses in the amount of $1,667.75, apportioned from the Settlement Funds as explained in the Notices, is granted.

(j)  Arden is to be paid $10,000.00 for its administration fees and costs from the Settlement Amount, apportioned from the Settlement Fund as explained in the Notices.

(k)  Should any Class Members fail to cash their checks within 120 days of distribution, Arden shall return the amount in uncashed checks to Defendants.

(l)  All claims against Defendants in this action are dismissed with prejudice and the Clerk is directed to close this case, but the Court shall retain exclusive and continuing jurisdiction over the construction, interpretation,

implementation, and enforcement over the Parties' Settlement and over the administration and distribution of the Settlement Fund.

8.      Final Judgment is hereby entered pursuant to Fed. R. Civ. P. 54 and Fed. R. Civ. P. 58 consistent with the terms of the Settlement Agreement.

**SO ORDERED**, this  7th  day of ___August_____, 2020, New York, New York.

_____
The Honorable Andrew L. Carter, U.S.D.J.